UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:19-cr-00049 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| WARREN MICHAEL WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. 28)**

---

This case is before the Court on the Motion for Compassionate Release (Doc. 28) (the "Motion"), filed by Warren Michael Williams ("Williams"). Williams is currently incarcerated at Cumberland FCI [Federal Correctional Institution] in Maryland. He asks the Court for compassionate release from his term of imprisonment. Williams' appointed counsel filed a Supplement in support of the Motion. (Doc. 34.) The United States of America (the "Government") filed a Response to the Motion (Doc. 35) (the "Response"), in which the Government opposes the Motion. Williams then filed a Reply in support of the Motion. (Doc. 36.) The matter is ripe for review.[1] For the reasons discussed below, the Court **DENIES**

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf.  To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any

1

Williams's Motion.

I. **BACKGROUND**

On March 14, 2019, the Government filed a two-count Indictment against Williams. (Doc. 11.) On or about June 5, 2019, pursuant to a plea agreement, Williams pleaded guilty to Count 2 of the Indictment, which charged him with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (*See* Docs. 11, 15, 16.) The Statement of Facts attached to the Plea Agreement, signed by Williams and his attorney, states:

> On or about November 7, 2018, while in the Southern District of Ohio, the defendant **WARREN MICHAEL WILLIAMS** knowingly and intentionally possessed with the intent to deliver and distribute it to another person, a mixture or substance containing approximately 89 grams of cocaine, a Schedule II controlled substance. Said cocaine was in fact [a] controlled substance that was intended for human consumption. At the time of Defendant's said possession, he was fully aware that his conduct violated both federal and state law.
>
> Continuing on November 7, 2018, law enforcement conducted a search warrant at **WILIAMS'** [sic] residence … [and during the search] law enforcement seized, among other items, a Glock .40 firearm, a Mossberg 12 gauge shotgun, with obliterated SN, loaded with eight (8) live rounds, and a Marlin 30/30 rifle, loaded with six (6) live rounds….

(Doc. 15 at PageID 51.)

The Final Presentence Investigation Report ("PSI") regarding Williams provided additional information about the circumstances of the offense, identified approximately sixteen prior adult criminal convictions and numerous other minor convictions, and commented that Williams met the criteria of a career offender. (PSI ¶¶ 13-16, 31, 39-57.) Williams's extensive criminal history, which spans nearly two decades, includes convictions for domestic violence in

---

administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Here, the parties agree that Williams made a request to the warden, who denied the request in or about September of 2020. (*See* Doc. 28-1 at PageID 97; Doc. 34-1; Doc. 35 at PageID 126.) Regardless, the Government does not contest exhaustion, so the Court proceeds with the understanding that Williams could move for compassionate release on his own behalf.

1999, aggravated robbery with a deadly weapon in 2000, having weapons under disability in 2008, escape in 2008, and aggravated robbery with a deadly weapon (again) and having weapons under disability (again) in 2009. (*Id.*) Additionally, the PSI indicated that Williams incurred multiple probation violations (including being arrested while on probation) and was sanctioned during a subsequent term of post-release control. (*Id.* at ¶¶ 42, 51.) The PSI also indicated that Williams accepted responsibility for his actions. (*Id.* at ¶ 34.)

This Court imposed a 60-month term of incarceration, three years of supervised release with special conditions, and a $100 special assessment. (Docs. 22, 23.) Williams is 39 years old and has an anticipated release date of June 11, 2023. *See* https://www.bop.gov/inmateloc.

## II.     ANALYSIS

### A. Legal Standards

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

The decision to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step test, based on three substantive requirements. *United States v. Jones*, 980 F.3d 1098, 1106-08 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A)(i). At step one, a court must find that extraordinary and compelling reasons warrant a sentence reduction.[3] *Jones*, 980 F.3d at 1107-08. At step two, a court must find that such a reduction is consistent with <u>applicable</u> policy statements issued by the Sentencing Commission. *Id.* at 1108. At step three, a court must consider any applicable Section 3553(a) factors and, in its discretion, find that the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case. *Id.* A court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, a court cannot grant such a motion unless the court addresses "all three steps." *Id.*

Regarding the first step, "Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *Ruffin*, 978 F.3d at 1004. Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). But apart from this instruction, "Congress delegated to the Sentencing Commission the responsibility of describing what should be considered extraordinary and compelling reasons for sentencing reduction, including the criteria to be applied and a list of specific examples by promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A)." *Jones*, 980 F.3d at 1108-09 (alterations adopted) (internal quotation marks omitted). The Sentencing Commission's policy statement regarding compassionate release under

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.
[3] "Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii)." *Jones*, 980 F.3d at 1108 n. 12.

4

Section 3582(c)(1)(A) resides in § 1B1.13 of the United States Sentencing Commission Guidelines Manual. *Id.* at 1109; U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)"). However, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018." *Jones*, 980 F.3d at 1109. Therefore, and for reasons more fully explained in *Jones*, the Sixth Circuit held that—until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act—district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13" in cases where an incarcerated person files a motion for compassionate release.[4] *Id.* at 1109-11 ("[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion").

Regarding the second step, again, the Sentencing Commission's policy statement regarding compassionate release under 18 U.S.C. § 3582(c)(1)(A) resides in U.S.S.G. § 1B1.13. *Jones*, 980 F.3d at 1109. However, the Sixth Circuit held in *Jones* that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.*; *see also Elias*, 984 F.3d at 518 ("§ 1B1.13 is not applicable to inmate-filed compassionate-release motions"). Thus, U.S.S.G. § 1B1.13 currently is <u>not</u> an "applicable policy statement[] issued by the Sentencing Commission" in such cases. 18 U.S.C. §

---

[4] In *Elias*, while not mandating that future courts apply the two-part test used by the district court in that case, the Sixth Circuit held that the district court did not abuse its discretion in applying a "two-part test for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520-21 (the district court did not abuse its discretion in relying on that two-part test; the district court properly considered the Centers for Disease Control and Prevention (CDC) guidance in effect at the time, a scientific journal, and information from the BOP concerning the number of reported COVID-19 cases at the prison). Additionally, the Sixth Circuit held that a district court may deny a motion for compassionate release if the defendant does not provide any records in the motion to support his or her claimed medical ailment(s). *Id.*

5

3582(c)(1)(A); *Jones*, 980 F.3d at 1101, 1109. So now, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry," at least until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act. *Jones*, 980 F.3d at 1111.

Regarding the third step, "[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. The factors set forth in Section 3553(a) "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005. More specifically, 18 U.S.C. § 3553(a) states:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to

>such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>(ii) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], are in effect on the date the defendant is sentenced; or
>
>(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
>(5) any pertinent policy statement--
>
>(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>(B) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], is in effect on the date the defendant is sentenced[;]
>
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence,

whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at 1008-09. Of course, not all of these items will be applicable or relevant (or known to the court) in all cases, and other items may be applicable or relevant. *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable").

Finally, "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *Jones*, 980 F.3d at 1106; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Ruffin*, 978 F.3d at 1005 (a "district court has substantial discretion" in deciding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A)); *Elias*, 984 F.3d at 518 (a district court may reduce the term of imprisonment if all three of the substantive requirements are met, "but need not do so").

**B. Application**

Williams asks the Court for "an order reducing his sentence to time served, or alternatively, modifying his judgment to require that he serve the unserved portion of his original sentence on home confinement (or any other conditions that the Court deems appropriate)." (Doc. 34 at PageID 121.) Williams argues that the Court "should grant relief in light of the COVID-19 pandemic, the circumstances at [Cumberland FCI] and with the BOP in general, and the fact of [Williams'] complicated health factors." (*Id.* at PageID 112.) Regarding those complicated health factors, Williams explains that he "currently suffers from an abdominal hernia, due to a gunshot

wound suffered pre-arrest, leaving an open hole in his stomach." (*Id.* at PageID 113.) He says the wound is not being treated and causes him chronic pain daily. (*Id.* at PageID 119.)

In response, the Government argues that the Bureau of Prisons ("BOP") has taken significant measures to protect inmates during the COVID-19 pandemic, that the circumstances presented do not rise to the level of "extraordinary and compelling" reasons to warrant a reduction in the term of incarceration, and that the nature and circumstances of Williams's crime and his history and characteristics demonstrate that Williams is a continuing danger to society. (Doc. 35.)

1. Request for Hearing or Opportunity to Submit Qualifying Evidence

The Court addresses one preliminary item. In the Supplement, Williams states: "Defendant would further request a hearing to further establish these grounds, or an alternative opportunity to submit qualifying evidence." (Doc. 34 at PageID 121.) In this case, the Court modified the default briefing schedule set forth in S.D. of Ohio Amended General Order 20-21 to permit Williams the opportunity to file a reply brief after the Government filed an opposition. (01/14/2021 Notation Order.) Williams did file a reply brief, which provided him with an opportunity to submit any additional evidence in support of the Motion.

2. Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)

The Court now turns to Williams's request for compassionate release through reducing his term of imprisonment pursuant to Section 3582(c)(1)(A)(i). Regarding step one, for the purposes of the Court's analysis, the Court will assume—without deciding—that Williams has demonstrated that suffering from his medical ailments during the current COVID-19 pandemic presents an extraordinary and compelling reason for reducing the term of imprisonment.[5] Regarding step two,

---

[5] The Court emphasizes it has not actually found that any circumstance (separately or combined) alleged by Williams qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh

given that Williams (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111. And, the Court certainly agrees with Williams that the BOP's attempts to mitigate risk and the BOP's "mission" do not <u>prevent</u> the Court from granting compassionate release pursuant to Section 3582(c)(1)(A). (*See* Doc. 36 at PageID 134-36.) The Court also agrees with Williams' argument that the policy statement in U.S.S.G. § 1B1.13 is not controlling. *Jones*, 980 F.3d at 1109-11. In fact, as explained above, it is not applicable to the Motion. *Elias*, 984 F.3d at 518 ("§ 1B1.13 is not applicable to inmate-filed compassionate-release motions").

However, that does not end the Court's inquiry. There is still the third step: consideration of any applicable Section 3553(a) factors and determination of whether, in the Court's discretion, the reduction is warranted in whole or in part under the particular circumstances of this case. *Elias*, 984 F.3d at 519; *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i); *see also Ruffin*, 978 F.3d at 1005 ("[e]ven if [the first two requirements] are met, … a district court may still deny relief if it finds that the applicable § 3553(a) factors do not justify it") (internal quotation marks omitted).

The Court has considered the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Williams's history and characteristics, such as his acceptance of responsibility for his actions. *See* 18 U.S.C. § 3553(a)(1). And, the Court acknowledges the challenging conditions at Cumberland FCI during the current COVID-19 pandemic and Williams's health issues. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(D).

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1). The offense for which Williams is currently incarcerated involved trafficking in

---

several § 3553(a) factors, and then denied the motion for compassionate release).

10

dangerous drugs. *See United States v. Crawford*, No. CR 10-20269, 2021 U.S. Dist. LEXIS 50998, 2021 WL 1037730, at *3 (E.D. Mich. Mar. 18, 2021) (the defendant "was convicted of distributing cocaine, an addictive and dangerous drug," which "is a serious offense"). The Statement of Facts attached to the Plea Agreement portrays a troubling scenario. (Doc. 15 at PageID 51.) Additionally, Williams's criminal history is extensive and includes prior convictions involving violent crimes, weapons, and drugs. (PSI ¶¶ 39-57.) Further, Williams has a history of violating post-incarceration conditions. (*Id.* at ¶¶ 42, 51.) All of this concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C); *Crawford*, 2021 WL 1037730, at *3 (denying, based on consideration of the applicable Section 3553(a) factors, a motion for compassionate release filed by a defendant who had been convicted of distributing cocaine, where the defendant had violated prior terms of probation and had a lengthy criminal history that included prior convictions for drug offenses, domestic violence, and home invasion).

Furthermore, Williams still has a substantial amount of his sentence remaining. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence that the petitioner had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Williams with so much

11

time remaining on his sentence "minimizes both the impact of [his] crime and seriousness of [his] offense." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Having considered the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that the requested reduction in the term of imprisonment is not warranted. Thus, even if steps one and two authorized the requested reduction, the Court finds that consideration of the applicable Section 3553(a) factors calls for denial of the Motion. *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …").

### III. CONCLUSION

Although the Court recognizes Williams's medical ailments and is sympathetic to his arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. 28).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 12, 2021.

                                                          s/Thomas M. Rose

                                                    THOMAS M. ROSE
                                   UNITED STATES DISTRICT JUDGE